04-CV-00297-CLM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARNE DIXON ENTERTAINMENT, INC.,

Plaintiff,

v.

AROUND THE WORLD YOYO
ENTERTAINMENT CO. et al.,

Defendants.

Case No. C04-0297L

ORDER DENYING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss (Dkt. # 11) filed by defendants Around the World Yoyo Entertainment Co., et al. (collectively, "Defendants"). For the reasons set forth in this Order, the Court denies Defendants' motion.

## II. DISCUSSION

**A.   Background.**

Defendant John Fox ("Fox") worked for plaintiff Arne Dixon Entertainment Incorporated ("ADEI") from August of 1996 to August of 1997. (Complaint ¶ 15). ADEI produces and performs motivational assemblies at schools in the United States and abroad. Id. ¶ 1. Yoyos are used during the programs, and are offered for sale to schoolchildren after the assemblies. Id. ¶ 7.

ORDER DENYING
MOTION TO DISMISS - 1

Some time after Fox's employment with ADEI ended, he formed Around the World Yoyo Entertainment and began producing school assemblies that included yoyo performances. Id. ¶ 16.

ADEI alleges that Defendants are liable to it for copyright infringement, false designation of origin and unfair competition, trade secret misappropriation, violation of the Washington Consumer Protection Act ("CPA"), unjust enrichment, interference with business relations, and breach of contract. See Complaint ¶¶ 19-39.

Defendants contend that all of ADEI's claims against them should be dismissed as untimely pursuant to the applicable statutes of limitations. Additionally, Defendants contend that for certain claims ADEI has failed to allege required elements or supporting facts.

**B.    Standard.**

A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted should not be granted "unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). All allegations of fact in a complaint are taken as true and construed in the light most favorable to the nonmoving party. Id.

When deciding a motion to dismiss a court is limited to consideration of the contents of the complaint. Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). Fed. R. Civ. P. 12(b) provides that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." However, pursuant to the "incorporation by reference" doctrine, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" without converting the motion to dismiss to a motion for summary judgment. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

ORDER DENYING
MOTION TO DISMISS - 2

C.  **Analysis.**

1.  **Evidence Considered by the Court.**

Defendants appear to acknowledge that, except for documents that may be considered under the "incorporation by reference" doctrine, the Court cannot consider evidence outside of the complaint without converting their motion to a motion for summary judgment. See Reply at 4. Defendants argue that Fox's employment agreement with ADEI (Fox Decl. Ex. 1), an invoice demonstrating ADEI's sale of yoyos to Defendants (Fox Decl. Ex. 3), and a letter threatening litigation from ADEI's former counsel to Fox (Fox Decl. Ex. 5) are "integral to Plaintiff's claims in that they undisputably demonstrate the legal insufficiency of Plaintiff's claims." Id. This and other evidence may at some point demonstrate that ADEI's claims are barred by the applicable statutes of limitations. However, the Court finds that only Fox's employment agreement may be considered pursuant to the "incorporation by reference doctrine." The contents of and other exhibits to the Fox Declaration simply do not fall within the scope of that rule.

2.  **Statutes of Limitations.**

Defendants have provided significant evidence in support of their argument that the applicable statutes of limitations have run on all of ADEI's claims. The same evidence supports Defendants' argument that the claims are barred by laches or equitable estoppel. However, none of that evidence may be considered without converting Defendants' motion to dismiss to a motion for summary judgment. See Sections II.B & II.C.1, supra. Taking all allegations of fact in the complaint as true and construing those facts in the light most favorable to ADEI, the Court finds that Defendants have failed to demonstrate that ADEI's claims should be dismissed as time barred.

The Court finds that at this stage in the litigation it would not be appropriate to convert the present motion to a motion for summary judgment. Defendants may later renew their statute of limitations arguments in a motion for summary judgment.

ORDER DENYING
MOTION TO DISMISS - 3

3. **Failure to Allege Required Elements or Supporting Facts.**

   a. **Lanham Act Claim.**

Defendants contend that ADEI has failed properly to state a Lanham Act claim because ADEI's allegations regarding this claim are only that the assembly programs have a "'substance, style and appearance' confusingly similar to Plaintiff's programs." (Motion at 12 (quoting Complaint ¶ 24)).

ADEI alleged that Defendants have passed themselves off as associated with ADEI. (Complaint ¶ 16). That allegation, combined with others in the complaint, adequately states a Lanham Act claim.

   b. **CPA Claim.**

Defendants argue that ADEI has not adequately alleged a CPA claim. See Motion at 14. As noted above, ADEI alleged that Defendants have passed themselves off as associated with ADEI. (Complaint ¶ 16). That allegation, combined with ADEI's specific CPA violation allegations, adequately states a CPA claim. See Complaint ¶ 33.

   c. **Interference with Business Relations.**

ADEI's allegations that it maintained business relationships with schools and youth programs and that Defendants wrongfully interfered with those relationships adequately state an interference with business relations claim. See Id. ¶¶ 7-11, 13, 16, 38.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to dismiss (Dkt. # 11).

DATED this 18th day of May, 2004.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO DISMISS - 4